### Hill v. Evans
*[Cite as 2 AOA 519]*

*Case No. 89AP-1099*
*Franklin County, (10th)*
*Decided March 1, 1990*

*R.C. 2109.26*

*Shryock and Associates, and Mr. John W. Shryock, for appellant.*

*Kincaid and Randall, and Mr. Kevin A. Craine, for appellee John W. Hill, Jr., Administrator etc.*

*Mr. Anthony J. Celebrezze, Jr., Attorney General, and Ms. Diane M. Weaver, for appellee State of Ohio.*

REILLY, P.J.

Beatrice L. Schottenstein, signed her last will and testament on November 26, 1958. She died on December 16, 1987. Due to the previous death of her selected administrator, Harry L. Margulis, the probate court appointed John W. Hill, Jr. ("plaintiff"), as acting administrator.

Plaintiff then filed a complaint for declaratory judgment to establish the probate court's power to make the appointment. The trial court held in favor of plaintiff as administrator, and defendants, decedent's heirs-at-law, filed this appeal alleging the following assignments of error:

"I. The trial court erred in determining that the charitable distributions in the within will could be made without regard to the prior death of the stated executor. Such a determination is contrary to law and against the manifest weight of the evidence.

"II. The trial court abused its discretion in finding that in the absence of the stated executor, Harry L. Margulis, the probate court has the authority to exercise its discretion in determining the distributees of the charitable distributions directed by will."

The assignments of error are related and are considered together. The issue before this court is whether the case of *Rogers* v. *Rea* (1918), 98 Ohio St. 315, is determinative in this case and requires the conclusion that the bequest is of such a personal nature that the court is without the power to appoint a replacement.

The disputed part of the will provides as follows:

"*ITEM THREE*: All the balance, rest and residue of my property, real, personal and mixed, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath to Harry L. Margulis, as executor, for the following uses and purposes, only: I direct that Harry L. Margulis, as such executor, shall sell at public or private sale, all of my property, real and personal, at such price and upon such terms as to him shall seem best, and I further authorize and direct that Harry L. Margulis, as such executor, shall convey the title to my property, real and personal, to the purchaser or purchasers thereof by Deed or other proper means of conveyance without first obtaining an Order of Sale therefore out of the Probate Court, and I further authorize and direct that Harry L. Margulis as such executor, distribute my net estate to and among one or more charitable groups, associations or agencies, organized and existing for the purposes of public charity, organized and existing as an institution for learning and not for profit; organized and existing for the purposes of a public hospital not for profit, of his choice or choosing; such distribution to be without supervision or direction of the Probate Court or any other person, member of my family or otherwise and the decision of Harry L. Margulis, as such executor, shall be final."

In *Rogers*, the Supreme Court considered a similar provision in a will, which read:

"*** 'After all of the balance of the lands of which I may die seized are sold and converted into money as hereinafter provided, then I do hereby give, devise and bequeath unto O. P. Converse, of London, Madison county, Ohio, all of the balance and residue of my estate, whether it be money or uncollected notes and securities, in trust for the following purposes, to-wit, to collect any uncollected notes that he can reasonably collect, and then to use all the remainder of such notes and the balance of the money belonging to my estate including any that may be so realized from any of said notes and securities for any such charitable purposes that he may deem proper and designate in such amounts as he may designate and think best, for permanent or temporary charities, and no bond shall be required of him in so doing.'" *Id.* at 317-318. [Emphasis omitted.]

The court held that this provision created a peculiarly personal trust which must fail when the trustee dies.

The question before this court is whether this will also creates such a peculiarly personal trust that it can be administered only by decedent's chosen representative. Such a position is not the favored construction. Bequests of a charitable nature are universally favored. *Gearhart* v. *Richardson* (1924), 109 Ohio St. 418. Charitable trusts are to be given a liberal construction to accomplish the purposes of the instrument. *Palmer* v. *Oiler* (1921), 102 Ohio St. 271. Charitable trusts are generally not permitted to fail for lack of a trustee. *Danner* v. *Shanafelt* (1953), 159 Ohio St. 5. The General Assembly reinforced this policy by enacting R.C. 2109.26 which provides that the court shall appoint a replacement administrator when a vacancy occurs. Further, it is ordinarily presumed that the choice of a trustee is only a secondary consideration incidental to the primary purpose that the property should be devoted to charitable uses. 4 Scott on Trusts 406, Section 397 (4th. Ed. 1989.)

Only when an express provision of the will specifically so directs or when the nature of the duty is such that it cannot be performed by another will the courts allow a trust to fail for want of a trustee. *Rogers, supra,* at 316.

The *Rogers* case is distinguishable from this case. The court in *Rogers* emphasized that the will under consideration was of unusual length and was written with painstaking care with specific provisions of great detail. Six of the bequests were defined so definitely and completely that there was no possibility of lapse or failure. Only the disputed provision, Item 12, failed to make any provisions for the death of the devisee or executor. The will in this case is brief and relatively simple. In neither of its two substantive devises are provisions made for the death of the devisee or executor.

Moreover, the will in *Rogers* provided only that the estate should be used for "any

charitable purposes that [O. P. Converse] may deem proper ***." This will, however, specifically directs that the estate shall be given to charitable groups, associations and agencies, non-profit institutions of learning and non-profit hospitals.

Considering the policies favoring charitable bequests and the characteristics distinguishing this case from *Rogers*, we do not find that this trust was of such a personal nature that it must fail upon the death of the trustee. Further, decedent apparently did not intend her estate to pass to her heirs-at-law, and guiding principal regarding the construction of wills is that the courts must give effect to the intent of the testator. *Moon, Adm.* v. *Stewart* (1913), 87 Ohio St. 349.

Finally, the trial court did not abuse its discretion in appointing a successor-trustee. The Supreme Court held in *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219:

"'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' ***"

In sum, the trial court's judgment, which reflected the testator's intent and included the applicable principles of interpreting charitable bequests, did not constitute an abuse of discretion.

Plaintiff's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and YOUNG, JJ., concur.